IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-MJ-1966-JG-1

| | |
|---|---|
| SEARCH WARRANT FOR THE PERSON ) | |
| OF JOHN F. GILL AND THE PREMISES ) | **ORDER** |
| LOCATED AT 28 WEST SIDE DRIVE, ) | |
| CAMERON, NORTH CAROLINA ) | |

This case comes before the court on a report (D.E. 42) filed by the government regarding the status of certain property seized by the government from John F. Gill ("Gill") pursuant to the modified search warrant (D.E. 4) issued on 2 November 2012 in the above-captioned matter.[1] In the status report, the government indicates that all of the property originally seized[2] has been returned to Gill with the exception of an Apple iPhone ("phone"). The government further represents that the pending investigation of Gill by the United States Army Criminal Investigation Command has confirmed that the phone contains classified information. In support of this representation, the government has attached the declaration (D.E. 42-1) of Colonel Edward J. DeSantis, Commander, Defense Programs Support Activity, describing the results of the forensic analysis of the phone. The government contends that "[b]ecause the [phone] improperly contains classified national security information, Army regulations prohibit returning the device and mandate its destruction." (Rept. 2). Presumably, the government is referring to

---

[1] Additional background on this matter and Gill's pending motion for return of seized property (D.E. 6) is provided in the court's 14 May 2013 Order (D.E. 22).

[2] The entire inventory of items seized during the search is shown on the warrant return (D.E. 5) as follows:

    1 Phone
    Lap top computer "HP" brand serial number 584037-001
    176 DVD Rs and compact discs
    1 Document
    1 Floppy Disk
    1 SD Card

(Return 2). The last three items listed, *i.e.*, the document, the floppy disk, and the SD card, are not the subject of Gill's motion.

the statement in an attached memorandum by Army counsel, Christopher J. Monti, (D.E. 42-2), that "the Cellular Phone may not be released to SSG Gill in accordance with the requirements of Army Regulations 195-5 and 380-5 to destroy classified material."  However, the government has failed to discuss the applicability of these regulations to this case or to cite and discuss other applicable legal authority.  Because such authority could be potentially dispositive of Gill's pending motion, the government is DIRECTED to file, by Monday, 28 October 2013, a third supplemental response to Gill's motion discussing and providing copies of the specific legal authority that the government contends mandates the continued detention and eventual destruction of the phone, including but not necessarily limited to the Army Regulations cited above.

Gill may file a reply to the government's third supplemental response no later than 14 days after service of the government's third supplemental response, but in no event later than 12 November 2013.

SO ORDERED, this the 23rd day of October 2013.

_____
James E. Gates
United States Magistrate Judge