IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-MJ-1966-JG-1

| | |
|---|---|
| SEARCH WARRANT FOR THE PERSON ) | |
| OF JOHN F. GILL AND THE PREMISES ) | **MEMORANDUM AND** |
| LOCATED AT 28 WEST SIDE DRIVE, ) | **RECOMMENDATION** |
| CAMERON, NORTH CAROLINA ) | |

This case is before the court on the motion (D.E. 6) by John F. Gill ("Gill") for return of the Apple iPhone ("the telephone") seized by the government pursuant to the modified search warrant (D.E. 4) issued in this matter, and two motions by Gill to have the telephone examined by an outside agency (D.E. 50, 51). In an order entered 15 January 2014 (D.E. 52), the court directed the government to answer several questions regarding the possible removal of the classified information it contends is on the telephone. The government timely filed a memorandum (D.E. 55) pursuant to the order and Gill a memorandum in response (D.E. 56). The court has carefully considered the submissions of the parties, including the authorities cited.

## BACKGROUND

In its memorandum, the government discloses that "[o]n 22 January 2014, the Commanding General of the 82nd Airborne Division directed an administrative separation board be held to determine whether Mr. Gill should be separated from the U.S. Army for the commission of a serious offence pursuant to Army Regulation (AR) 635-200, paragraph 14-12c." (Gov.'s Mem. 3). The government further represents that the telephone must be retained as evidence in those proceedings:

> The U.S. Army has conveyed that it intends to present at the administrative separation board the evidence collected in the course of the investigation to prove Gill's violation(s). Pursuant to AR 195-5, paragraph 2-8, the evidence, which in this matter includes the telephone, is to be held by CID until the conclusion of proceedings because it still holds evidentiary value.

(*Id.* 3-4).

The government also represents that the telephone must be destroyed at the conclusion of the proceedings:

> Additionally, AR 195-5, paragraph 2-8, deals with authorization for final disposition of evidence, and holds that, property seized or held as evidence, other than contraband or other property which cannot legally be returned, will be returned to its rightful owner when it is determined that the property has no evidentiary value or when criminal proceedings have concluded and the time to initiate appeals has passed. The telephone will be held by CID until the proceedings conclude; afterwards, the telephone will be destroyed in accordance with the guidelines of AR 380-5 and DoD Manual 5200.01, Volume 3.

(*Id.* 4).

Destruction is purportedly required because of the nature of the information on the telephone:

> Department of Defense ("DoD") Manual 5200.01, Volume 3, February 24, 2012 (attached) sets out the DoD Information Security Program guidelines for the protection of classified information. Enclosure 7, paragraph 5g(3) states:
>
>> For Secret-level spills and below, the technical state of the art currently allows for overwriting and sanitization of contaminated media, and reentry of the media into service. There is no approved overwriting or sanitization procedure for media that has been contaminated with Top Secret, SAP, or SCI data, short of physical destruction.
>
> The information found on the telephone is classified Secret with an Alternate Compensatory Control Measures handling requirement and therefore is treated with a SAP (Special Access Program) caveat. Since the telephone was contaminated with SAP data, it may not be returned to Gill and must be destroyed upon completion of the criminal or administrative proceedings by military authorities.

(*Id.* 2).

Gill denies that he ever put any classified information on the telephone. He also denies any other wrongdoing.

## DISCUSSION

In its response, the government, for the first time in this matter, indicates that formal proceedings have been brought against Gill. Its prior representations have indicated only that an investigation was pending against him. (*See, e.g.,* Gov.'s 28 May 2014 Resp. to Order (D.E. 23) (indicating that it had "a need to maintain the evidence for future prosecutorial efforts"); 13 Oct. 2013 Mem. of Record by Army Trial Counsel Christopher J. Monti (stating that Gill "is the subject of an investigation conducted by the U.S. Army Criminal Investigation Command (CID)"). As noted in one of the court's several prior orders in this matter (D.E. 22), the standard applied by a court to a motion for return of seized property depends on whether formal charges that relate to the subject property have been brought. *See Ramsden v. United States*, 2 F.3d 322 (9th Cir. 1993) (setting out a separate test for return of property prior to initiation of criminal proceedings). Because formal proceedings have been initiated against Gill, the court deems no longer applicable in this matter the test set out in *Ramsden* governing the return of property prior to formal proceedings.

Instead, the court finds that this matter should now be governed by the principle that a motion for return of the property may be denied where there is a need for continued retention of the property as evidence in a pending criminal proceeding. *See United States v. Rudisill*, 358 Fed. Appx. 421, 422 (4th Cir. 2009) (holding that a motion for return of property may be denied if "the government's need for the property as evidence continues." (internal quotations and citation omitted)). The court finds this standard the appropriate one whether or not the proceedings against Gill are deemed criminal in nature, an issue the court need not resolve. Therefore, since the telephone is now required as evidence in the military proceedings against

Gill, it cannot be returned to him, if at all, until after the conclusion of those proceedings. Gill's motion for return of the telephone should therefore be denied.

Because the proceedings against Gill have not yet ended, the issue of return of the telephone to him after their conclusion is not presently ripe. It is conceivable that developments in those proceedings could affect the returnability of the telephone. The denial of the motion should therefore be without prejudice to its renewal after the conclusion of the military proceedings against Gill in which the telephone is needed as evidence.

As to Gill's motions for outside examination of the telephone, he has failed to present any authority for such an examination, and he has not otherwise convincingly demonstrated that such an examination is warranted. Those motions should therefore be denied.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that:

1. Gill's motion (D.E. 6) for return of the telephone be DENIED WITHOUT PREJUDICE and be subject to renewal only after conclusion of the military proceedings against him in which the telephone is needed as evidence; and

2. Gill's motions (D.E. 50, 51) for outside examination of the telephone be DENIED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the government and Gill, who have 14 days after the filing hereof to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

Any response to objections shall be filed within 14 days after filing of the objections on the responding party.

SO ORDERED, this the 14th day of February 2014.

_____
James E. Gates
United States Magistrate Judge