IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-MJ-1966-BO

| | |
|---|---|
| SEARCH WARRANT FOR THE PERSON ) <br> OF JOHN F. GILL AND THE PREMISES ) <br> LOCATED AT 28 WEST SIDE DRIVE, ) <br> CAMERON, NORTH CAROLINA ) | **ORDER** |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates [DE 59]. For the following reasons, the Court ADOPTS the M&R as revised by this Order. Petitioner's motion for return of property [DE 6] is DENIED WITH PREJUDICE.

## BACKGROUND

This action was brought about by the government's application for a search warrant on November 1, 2012. As a result of that warrant, the government seized an iPhone, a laptop computer, and approximately 151 DVD and CD. On March 29, 2013, petitioner filed a motion for the return of his property that was seized. [DE 6]. In response to that motion, the government returned all of plaintiff's seized property except for the iPhone. [DE 14; 42]. Throughout the past year petitioner has filed multiple letters with the Court asking for the return of his property and requesting status updates on the progress of the government's determination process. On October 25, 2013, the government indicated, in its response to Magistrate Judge Gates's order requesting further information from the government, that the type of classified information it alleges was found on petitioner's iPhone is of the type that, according to Army regulations, must be destroyed along with the iPhone that held the classified information after its useful purpose as evidence ends. [DE 46]. Plaintiff has since filed another round of letters and motions asking for the return of his iPhone and for permission to have the phone examined by an outside agency to

determine if the information the government claims is there is actually found on the iPhone. [DE 49; 50; 51]. On January 22, 2014 the Army decided to hold an administrative separation board to determine whether petitioner should be separated from the Army. [DE 55]. The government plans to use the iPhone as evidence in that proceeding. [*Id.*]. Magistrate Judge Gates entered a M&R on these matters on February 14, 2014 [DE 57] and re-entered the same on February 19, 2014 [DE 59]. In his M&R Magistrate Judge Gates recommends that petitioner's motion for examination of the phone by an outside agency be denied. [DE 59]. He further recommended that petitioner's motion for return of the iPhone [DE 6] be denied without prejudice and subject to renewal only after the conclusion of the military proceedings against him in which the telephone is needed as evidence. [DE 59].

## DISCUSSION

A district court is required to review an M&R de novo if the defendant specifically objects to it or in cases of clear error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The district court is only required to make a de novo determination of those specific findings to which the defendant has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Here, petitioner has filed numerous objections which mainly revolve around his belief that because he purchased his iPhone after the dates of the activity alleged in the search warrant, it is impossible for his phone to contain classified information and therefore it should be returned. Petitioner also objects that the military proceedings against him are of an administrative, not criminal, nature and therefore the government should not be allowed to maintain possession of his iPhone to use as evidence. Accordingly, the Court will engage in a de novo review of the possibility of return of the iPhone to petitioner. However, plaintiff does not appear to object to the recommendation of denial of his motions to have the phone examined by

2
Case 5:12-mj-01966-BO   Document 66   Filed 03/31/14   Page 2 of 5

an outside agency. Therefore, finding no clear error, the Court adopts the recommendation of Magistrate Judge Jones and denies those motions [DE 50; 51].

Magistrate Judge Jones recommended denying petitioner's motion for return of the phone without prejudice because "[i]t is conceivable that developments in those proceedings could affect the returnability of the phone." [DE 59 at 4]. After reviewing the extensive briefing in this matter, this Court disagrees. Although petitioner's motion should be denied, it should be denied with prejudice as the government has established that petitioner's phone contains classified information of a nature that government policy dictates will result in the destruction of the phone. Plaintiff cannot possess classified information because it is considered contraband. In short, plaintiff is not entitled to lawful possession of the phone now, and will not be entitled to lawful possession in the future. Therefore it is proper to deny plaintiff's motion for a return of property. *United States v. Rudisill*, 358 Fed. App'x 421, 422 (4th Cir. 2009).

The government has determined that petitioner's iPhone contains classified national security information. [DE 42-1 at 2–3]. The determination of whether to classify information and the proper classification thereof is a matter committed solely to the Executive Branch. "The Government . . . may determine what information is classified. A defendant cannot challenge this classification. A court cannot question it." *United States v. Smith*, 750 F.2d 1215, 1217 (4th Cit. 1984), *vacated on other grounds*, 780 F.2d 1102 (4th Cir. 1985). Classified information is the property of the United States and individuals do not have a property right to such material. *See United States v. Fowler*, 932 F.2d 306, 309–10 (4th Cir. 1991) (copies of classified government documents are property of the United States). Classified material in the possession of someone not cleared to have it is considered "contraband." *United States v. Moussaoui*, 2002 WL 32001771 at *4 (E.D. Va. 2002). A motion for return of property "may be denied if the

3

defendant is not entitled to lawful possession of the seized property, [or] the property is contraband. . . ." *Rudisill*, 358 Fed. App'x at 422. Here the government not only found that the iPhone contained classified information, they determined that it was of such a classification level that the iPhone could not be scrubbed of the information and returned to defendant pursuant to Department of Defense Manual 5200.01 Volume 3, Enclosure 7, ¶ 5g(3), February 24, 2012.

Petitioner's objection is to the finding of classified information by the government. He claims that because he purchased the phone after the alleged activities took place, it is impossible for the phone to contain classified materials. First, it is left to the government to determine, after an examination as occurred here, whether or not there is classified material. *See Smith*, 750 F.2d at 1217. Second, petitioner's claim is factually irrelevant. The government had a lawful search warrant based on probable cause to seize all digitial media located within petitioner's residence. Review of the media revealed evidence of criminal activity and classified information. Whether the media was purchased and/or used for the illicit activity prior to or after the search warrant was obtained is irrelevant. It is similarly irrelevant if the probable cause used for obtaining the search warrant only covered a period of time before the phone was purchased. It is entirely feasible for petitioner to have placed classified information on the iPhone after purchasing it. Indeed, that is exactly what the government alleges happened here.

Because the government has established that the iPhone contains classified information and that the iPhone cannot be returned to petitioner because of the level of classified information found on the iPhone and the government's regulations requiring disposal of such a contaminated item, this court denies petitioner's motion for return of his property with prejudice. The Court finds that the government has established that petitioner is not and never will be entitled to

4

lawful possession of the iPhone and therefore there is no need to allow petitioner to renew his motion after the proceedings against him have been concluded.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's recommendations as revised by this Order. Petitioner's motions for outside examination of his iPhone [DE 50; 51] are DENIED WITH PREJUDICE. Petitioner's motion for return of his iPhone [DE 6] is DENIED WITH PREJUDICE. The Clerk is directed to enter judgment accordingly and close the file.

SO ORDERED,

this __29__ day of March, 2014.

                                   TERRENCE W. BOYLE
                                   UNITED STATES DISTRICT JUDGE

5
Case 5:12-mj-01966-BO   Document 66   Filed 03/31/14   Page 5 of 5